|  |  |
|---|---|
| 1 | |
| 2 | |
| 3 | |
| 4 | |
| 5 | |
| 6 | |

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| ARINA V. DONATO-GATTO, | | CASE NO. 11cv1771 WQH (RBB) |
| | Plaintiff, | **ORDER** |
| vs. | | |
| BENJAMIN ANDREW GATTO, | | |
| | Defendant. | |

HAYES, Judge:

The matters before the Court are the Order to Show Cause issued by the Court, the Motion for Leave to Proceed In Forma Pauperis (ECF No. 2) and the Motion for Appointment of Counsel (ECF No. 3) filed by Plaintiff Arina V. Donato-Gatto.

**I.    Background**

August 9, 2011, Plaintiff Arina V. Donato-Gatto, proceeding pro se, initiated this action by filing the "Complaint for Breach of Contract (I-864 Affidavit of Support)." (ECF No. 1). Plaintiff alleges that on September 29, 2000, she married Defendant Benjamin Gatto in Korea. On August 6, 2001, Defendant Gatto entered into a form I-864 affidavit of support listing the sponsored immigrants as Plaintiff and Plaintiff's son. On September 20, 2007, Plaintiff and Defendant dissolved the marriage. Plaintiff alleges that "[o]n February 23, 2010, [Plaintiff] was denied her request for Calworks based upon [Defendant's] sponsorship of her." *Id*. at 1. Plaintiff alleges that "[s]ince the date of the [dissolution of the marriage, Defendant] has never

provided any support pursuant to the requirements of the affidavit of support form I-864 to [Plaintiff] or [Plaintiff's son]." *Id*. at 2. Plaintiff has completed a civil cover sheet in which she states that the basis of the Court's jurisdiction over this matter is pursuant to 28 U.S.C. § 1332 and that she demands $58,840.00. *Id*. at 3.

**II.     Order to Show Cause**

On August 11, 2011, this Court issued an Order stating:

> As the party seeking to invoke the jurisdiction of this court, Plaintiff bears the burden of establishing the 'actual existence of subject matter jurisdiction.' *See Thompson v. McComb*, 99 F.3d 352, 353 (9th Cir. 1996). 'Subject matter jurisdiction based upon diversity of citizenship requires that no defendant have the same citizenship as any plaintiff.' *Tosco Corp. v. Communities for a Better Environment*, 236 F.3d 495, 499 (9th Cir. 2001).
> 
> ...
> Plaintiff has failed to allege facts to show that this action involves a matter in controversy which exceeds $75,000 and that the citizenship of the parties are diverse. Plaintiff is hereby **ORDERED TO SHOW CAUSE** why this case should not be dismissed for lack of subject matter jurisdiction. Plaintiff shall respond to this order on or before **September 12, 2011**. If Plaintiff fails to respond or fails to establish that this Court has jurisdiction this case will be dismissed without prejudice.

(ECF No. 4).

On August 19, 2011, Plaintiff filed an "Amendment to Complaint" which responds to the Order to Show Cause and states: "The basis for this Court's jurisdiction is not diversity, but federal question jurisdiction to enforce an I-864, Affidavit of Support, under §213A of the Immigration and Nationality Act." (ECF no. 6 at 1).

"A Form I-864 is a legally enforceable contract between the sponsor and both the United States Government and the sponsored immigrant." *Shumye v. Felleke,* 555 F. Supp. 2d 1020, 1023 (N.D. Cal. 2008). "An action to enforce an affidavit of support executed under subsection (a) of this section may be brought against the sponsor in any appropriate court– (1) by a sponsored alien, with respect to financial support." 8 U.S.C. § 1183a(e)(1); *see also Davis v. United States*, 499 F.3d 590, 594-95 (6th Cir. 2007); *Montgomery v. Montgomery,* 764 F. Supp. 2d 328, 334 n.5 (D. N.H. 2011) (finding that a claim to enforce an affidavit of support presents a federal question). The Court finds that Plaintiff has adequately established the existence of subject matter jurisdiction based on federal question.

### III. In Forma Pauperis

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $350. *See* 28 U.S.C. § 1914(a). An action may proceed despite a plaintiff's failure to prepay the entire fee only if the plaintiff is granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a). *See Rodriguez v. Cook,* 169 F.3d 1176, 1177 (9th Cir. 1999).

In her declaration accompanying the Motion to Proceed In Forma Pauperis, Plaintiff states that she is not currently employed and was last employed in November 2009 earning $300 per week. (ECF No. 2 at 2). Plaintiff states that in the last twelve months her son has received social security benefits and she has received two weeks of unemployment benefits in the amount of $368. *Id.* Plaintiff states that she has no money in her checking account. Plaintiff states that she does not have any other significant assets such as a vehicle, real estate, stocks, bonds or securities. Plaintiff states that she supports her son in the amount of $150 per week and has debts for "evictions, medical bills, dental bills, [and] cosmetology school." *Id.* at 2-3.

The Court has reviewed Plaintiff's declaration of assets and finds it is sufficient to show that Plaintiff is unable to pay the fees or post securities required to maintain this action. Plaintiff's Motion to Proceed In Forma Pauperis (ECF No. 2) pursuant to 28 U.S.C. § 1915(a) is GRANTED.

Notwithstanding Plaintiff's indigence, a complaint filed by any person proceeding in forma pauperis pursuant to 28 U.S.C. § 1915(a) is also subject to mandatory review and sua sponte dismissal to the extent it "is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) (per curiam); *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc). Upon review of allegations in Plaintiff's Complaint the Court finds they are sufficient to satisfy the requirements of section 1915(e)(2)(B).

### IV. Motion for Appointment of Counsel

Generally, a person does not have a right to counsel in a civil case. *See Campbell v. Burt*, 141 F.3d 927, 931 (9th Cir.1998); *Ivey v. Board of Regents of the University of Alaska*, 673 F.2d 266, 269 (9th Cir.1982). A federal court does not have the authority to "make coercive appointments of counsel." *Mallard v. United States District Court*, 490 U.S. 296, 310 (1989). Pursuant to 28 U.S.C. § 1915(e)(1), "[t]he court may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). The Court has discretion in deciding whether to request that an attorney provide pro bono representation. *Solis v. Los Angeles*, 514 F.3d 946, 958 (9th Cir. 2008). In exercising this discretion the Court must consider Plaintiff's ability to represent herself, the complexity of the case, and the merits of Plaintiff's claims. *See id.*; *Agyeman v. Corrs. Corp. of Am.*, 390 F.3d 1101, 1103-04 (9th Cir. 2004). "Counsel should only be appointed in exceptional circumstances . . . ." *Wood v. Housewright*, 900 F.2d 1332, 1335 (9th Cir. 1990). "[D]ifficulties which any litigant would have in proceeding pro se . . . do not indicate exceptional factors." *Id.* at 1335-36.

Plaintiff has demonstrated in her filings that she is capable of doing legal research, presenting arguments in writing, and that she has an understanding of the issues in this case. Plaintiff's Motion for Appointment of Counsel is DENIED without prejudice.

**V.     Conclusion**

Plaintiff's the Motion for Appointment of Counsel (ECF No. 3) is DENIED. Plaintiff's Motion for Leave to Proceed In Forma Pauperis is GRANTED. (ECF No. 2). The Clerk of the Court is directed to issue a summons and provide Plaintiff with the summons, certified copies of both this Order and the Complaint, and a blank U.S. Marshal Form 285. Plaintiff shall complete the U.S. Marshal Form 285, and forward the Form 285 along with the designated copies of this Order and the Complaint to the U.S. Marshal. The U.S. Marshal shall serve a copy of the Complaint and summons upon the Defendant as directed by Plaintiff on the U.S. Marshal Form 285.

DATED: September 13, 2011

*William Q. Hayes*
**WILLIAM Q. HAYES**
United States District Judge